Neal GIRALDI, Petitioner–Appellant,

v.

George BARTLETT, Superintendent, Elmira Correctional Facility, Respondent–Appellee.

No. 00–2592.

United States Court of Appeals, Second Circuit.

Dec. 3, 2001.

Andrew Rubin, Esq.; Howard D. Simmons, New York, NY, on the brief, for appellant.

John J. Sergi, Esq., Assistant District Attorney of Westchester County, White Plains, NY; Jeanine Pirro, District Attorney of Westchester County, Joseph M. Latino, Assistant District Attorney, on the brief, for appellee.

Present SOTOMAYOR, KATZMANN, and PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Richard M. Berman, Judge), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court be and it hereby is AFFIRMED.

Petitioner Neal Giraldi appeals the denial of his petition for a writ of habeas corpus by the United States District Court for the Southern District of New York (Berman, J.). Petitioner argues that his appellate counsel was constitutionally defective for failing to raise on direct appeal (1) a defect in the trial court's jury instructions regarding an insanity defense and (2) the State's failure to disclose certain *Rosario* materials.

In 1975, petitioner was tried in New York Supreme Court, Westchester County, for stabbing to death Elfredie Bernhardt in her home and injuring her five-year-old son. A contentious issue at trial was whether petitioner had taken the drug LSD before committing the crimes and what, if any, legal significance attached with respect to petitioner's mental state. Petitioner was ultimately convicted of second degree murder and second degree assault, and sentenced to 25 years to life imprisonment. The New York Supreme Court, Appellate Division, affirmed the conviction in 1976. Leave to appeal to the New York Court of Appeals was denied in 1977. In 1991, petitioner moved in the Appellate Division for a writ of error coram nobis asserting ineffective assistance of appellate counsel on the same grounds as advanced here. The motion was denied. In 1993, petitioner unsuccessfully moved *pro se* in the Appellate Division to recall and vacate the 1976 decision affirming the conviction.

In 1995, petitioner filed a petition for a writ of habeas corpus *pro se* in the United States District Court for the Southern District of New York.[1] The petition alleged

---

1. The petition was filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996.

deprivation of due process by the trial court's jury instructions regarding an insanity defense and the state's refusal to disclose certain *Rosario* materials—claims which petitioner has since abandoned. Petitioner also asserted ineffective assistance of appellate counsel for petitioner's attorneys' failure to raise these claims on direct appeal. This ineffective assistance claim is now before this Court.

In evaluating whether Petitioner's representation was constitutionally deficient, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, to satisfy the rigorous *Strickland* test when the performance of appellate counsel is at issue, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir.2000) (citing *Jones v. Barnes*, 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). If Petitioner can show that counsel's performance was "outside the wide range of professionally competent assistance," he must also demonstrate a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 690, 694, 104 S.Ct. 2052. Petitioner has satisfied neither prong of the *Strickland* test.

The district court held an evidentiary hearing to assess petitioner's ineffective assistance claims. After a full examination of the evidence and the record, Judge Berman denied the writ in a comprehensive, thoughtful opinion. *Giraldi v. Bartlett*, 108 F.Supp.2d 321, 337 (S.D.N.Y.2000). We affirm for substantially the reasons stated therein.

We have considered all of petitioner's contentions that are properly before us and have found that his petition for a writ of habeas corpus should be denied. The decision of the district court is therefore AFFIRMED.